RICHARD M. WOOLLEY, PLAINTIFF-APPELLANT, v.
HOFFMANN–LA ROCHE, INC.,
DEFENDANT-RESPONDENT.

October 25, 1985.

## ORDER ON MOTION FOR CLARIFICATION

The defendant, Hoffmann-La Roche, Inc., has filed a motion for clarification of our opinion in *Woolley v. Hoffmann-La Roche, Inc.,* 99 *N.J.* 284 (1985). The motion notes that the Court ruled that on remand there would be no trial of the "good cause" issue because that would be unfair, given the "fact" that defendant Hoffmann-La Roche had not complied with the termination procedures required by contract. *Id.* at 307–08. The opinion notes that "on the record before us the employer's failure [to have complied] is undeniable."

The motion for clarification points out that the impression that Hoffmann-La Roche had conceded that it had failed to conform to the contractual termination provisions resulted from the procedural status of the case:

Hoffmann-La Roche had moved for summary judgment on the ground that plaintiff Woolley was an employee-at-will, and that even *if* the employer had not complied with the termination provisions and even *if* it did not have good cause, nevertheless it had the unrestricted right to fire the employee-at-will. The motion contends that the concessions were made solely for the purpose of the summary judgment argument (and any appeal resulting from a decision on that argument) with the clear understanding that there were no concessions on the merits. Rather, Hoffmann-La Roche claimed that it had in fact complied with the termination provisions and that it had good cause to fire Woolley.

Our examination of the motion for clarification along with the papers submitted by both parties convinces us beyond any doubt that defendant Hoffmann-La Roche is correct: it never

conceded the issues mentioned above, but reserved them for plenary trial.

IT IS THEREFORE ORDERED that the motion is granted and our judgment is hereby modified to provide that on remand defendant Hoffmann-La Roche will not be foreclosed from attempting to prove that it had complied with the contractual termination provisions and, assuming it succeeds on that issue (and *only* if it succeeds on that issue), that it had good cause to terminate plaintiff Woolley. If defendant Hoffmann-La Roche does not prevail in its position that it complied with the contractual termination provisions, the "good cause" issue shall not be tried, the only issue remaining at that point being damages.

*For modification*—Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*Opposed*—None.