821 A.2d 518 (2003)
360 N.J. Super. 55
Jeanne SAVONA, Plaintiff-Respondent,
v.
DI GIORGIO CORPORATION, Defendant-Appellant, and
Kathy Alberti, Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted March 10, 2003.
Decided May 2, 2003.
*519 Grotta, Glassman & Hoffman, Roseland, for appellant (Keith J. Rosenblatt, on the brief).
Respondent has not filed a brief.
Before Judges HAVEY, WELLS and PAYNE.
The opinion of the court was delivered by WELLS, J.A.D.
Defendant, Di Giorgio Corporation, appeals from an order denying its application for attorneys' fees under the Frivolous Claims Statute, N.J.S.A. 2A:15-59.1, and its analog in the Rules of Court, Rule 1:4-8. Di Giorgio's application for fees followed the dismissal of plaintiff Jeanne Savona's lawsuit for wrongful termination of employment on motion for summary judgment.[1] We reverse and remand for more specific findings and conclusions.
The facts are these. Jeanne Savona was hired by Di Giorgio in July 1998 as a routing clerk. The hiring paperwork, including the job application form and the Employee Handbook, bore unmistakable evidence in plain and simple English that Savona was an "at will" employee; that the Handbook was not a contract of employment; that employees were subject, without limitation, to disciplinary action up to and including termination; and that even single instances of certain conduct, such as fighting, horseplay or disorderly conduct, might result in termination. The Handbook also contained a provision relating to an orientation period. We cite it in full:
The first three (3) months of employment is the Orientation Period. During this time the employee is evaluated to determine his ability to adequately perform his job duties and for the employee to see how he fits within the Company. At the end of this time period the employee will generally receive a formal or informal performance appraisal.
All employees, whether full-time or part-time, working during this period are entitled to limited benefits as set forth in this booklet and in the individual plan documents. Upon successful completion of this period, employees are entitled to the benefits as set forth in the particular policies of this Handbook unless the time periods for certain benefits specify otherwise.
Completion of the Orientation Period in no way entitles employees to employment of any fixed duration. All employees are "at-will" and can be terminated at any time, including during the orientation period, for any reason or no reason at all except as prohibited by law.
In October 1999, Savona was transferred to an office position. There she became friends with a co-employee, Kathy Alberti, and the two often joked together. However, on one occasion in January 2000, Alberti *520 came into Savona's cubicle with a spray bottle of Windex to clean up some marker on the desk, but instead began spraying Savona's back and clothing. When Savona stood up from her chair and turned around, Alberti sprayed Windex in Savona's face and eye.
The next day, a meeting was held with supervisors, and both women were told in no uncertain terms that further incidents of like kind would result in their termination. A memorandum of the discussion was prepared and presented on January 18 for each of them to read and sign. Alberti signed it but Savona refused, disagreeing with the memo's characterization of her conduct. A heated argument broke out between the two women during the meeting. According to Savona, Alberti threatened her. As a result, Savona left the premises never to return. She was fired on January 19, 2000.
In May 2000, Savona's counsel wrote Di Giorgio a letter asserting that Di Giorgio had violated several provisions of the Handbook and that it permitted a hostile working environment. Counsel asked that the letter be turned over to Di Giorgio's attorney to "determine whether or not these issues can be resolved." Di Giorgio's attorney returned a letter quoting the bold lettered employment-at-will clause in the Handbook. Di Giorgio's counsel also cited two cases, Nicosia v. Wakefern Food Corp., 136 N.J. 401, 643 A.2d 554 (1994) and Woolley v. Hoffmann-La Roche, Inc., 99 N.J. 284, 491 A.2d 1257, modified, 101 N.J. 10, 499 A.2d 515 (1985), for the proposition that an employer may avoid creating an implied contract by including a provision in a Handbook in a very prominent place stating that the employer continues to have absolute power to fire anyone with or without cause. Counsel further warned in the letter that Di Giorgio would "seek fees and costs associated with defending against any baseless claim."
Nonetheless, Savona filed suit in November 2000. The complaint alleged that Di Giorgio breached several of the provisions of the Handbook relating to promotion of safety, prohibiting horseplay and fighting, and the misuse of company equipment. She also alleged that Di Gregorio wrongfully terminated her. Additionally, the complaint set forth two causes of action against Alberti. Di Giorgio answered and discovery ensued.
On September 5, 2001, after the close of discovery and before any motions were filed, Di Giorgio's counsel sent a two and one-half page letter to Savona's attorney that cited the Frivolous Claims Statute and the analogous court rule, asserted the complaint was frivolous, and demanded that the complaint be withdrawn with prejudice. The letter cited case law and provisions of the Handbook and claimed that the lawsuit had no basis in law or fact.
Suffice it to say, Savona did not dismiss the suit, and the parties proceeded into motion practice, including a motion by Di Giorgio for summary judgment heard on December 7, 2001. The judge, relying on Woolley and our decision in Jackson v. Georgia-Pacific Corp., 296 N.J.Super. 1, 685 A.2d 1329 (App.Div.1996), certif. denied, 149 N.J. 141, 693 A.2d 110 (1997), granted the motion. In answer to Savona's contention that the Handbook's orientation provision created an implied contract or a reasonable expectation of employment, the judge cited the provision quoted above, supra, pp. 57-58, 821 A.2d 519, and stated:
This provision cannot be interpreted to lead an employee to reasonably believe that he or she would be anything other than an at will employee following the completion of the orientation period.
*521 In addition, the judge reviewed the entire Handbook and concluded that because it displayed an "At-Will" disclaimer in capital letters, in a prominent place, and was also repeated several times in varying contexts, even if it were construed to create a reasonable expectation of employment, such would be negated by the disclaimers. In these respects, the judge held that the Handbook satisfied the requirements of Woolley. He thus concluded that Savona could not sustain a cause of action as a matter of law grounded in breach of contract and signed an appropriate order. Thereafter, Savona voluntarily dismissed her claims against Alberti.
Di Giorgio filed a motion for counsel fees asserting that there was no legal or factual support for the lawsuit and, therefore, the claim could not succeed. Savona's counsel responded with a certification setting forth the provisions of the Handbook concerning safety, misuse of equipment, and prohibition of horseplay, harassment, fighting and assault. The certification then stated:
7. When there is a violation of the above safety rules and regulations by another employee, the victim employee would rightfully believe that the employer will protect the victim, maintain a safe environment and not terminate the victim.
8. The obligation of Di Giorgio to protect the victim is referred to in the manual on page 5 under the section entitled "POLICY PROHIBITING HARASSMENT," which provides that employees subject to harassment are encouraged to report the harassment. The manual further provides "All complaints of harassment will be investigated confidentially and promptly, and without fear of retaliation." (Emphasis added.)
9. Based upon the above, Ms. Savona, and any other employee, should feel confident that Di Giorgio agreed to protect her/them from an employee who violates the safety rules and abuses the tools supplied by the company. The tool abused was windex which was sprayed into the eyes of Ms. Savona, a use for which it was not designed for and not intended by the employer. The act was horseplay on the part of Ms. Alberti. The company had an obligation to properly investigate it and to be fair to the victim when completing its investigation. Di Giorgio had an obligation to protect Ms. Savona as it contracted to do under the manual. The incident was reported and she was not protected.
At argument on the motion, in mitigation of any assessment of fees, Savona's counsel also urged that Di Giorgio should have moved earlier to dismiss the case.
The Court denied the application for fees. The judge reasoned:
All right, N.J.S.A. 2A:15-59.1 provides thatfor the award of costs and attorneys fees to a prevailing party "if the Judge finds at any time during the proceedings or upon judgment that a complaint of the non-prevailing party was frivolous. In order to find that a complaint of the non-prevailing party was frivolous, the Judge shall find on the basis of the pleas, discovery or the evidence presented the non-prevailing party knew or should have known that the complaint was without any reasonable basis in law or in equity and could not be supported by a good faith argument or an extension, modification or reversal of existing law." The claim will be found to be frivolous when no rational argument can be advanced in its support when it is not supposedwhen it is not *522 supported by credible evidence, when a reasonable person could not have expected its success or when it is completely untenable. Belfer v. Merling, 322 N.J.Super. 124, 144, 730 A.2d 434 (App.Div.), certif. denied, 162 N.J. 196, 743 A.2d 848 (1999).
However, the term frivolous is to be given a restrictive interpretation that is "consistent with the premise that in a democratic society citizens should have ready access to all branches of government including the judiciary." McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561-62, 626 A.2d 425 (1993).
The statute allowing for the award of attorneys fees is not to be permitted to counterbalance the general rule that each litigant bears its own litigation costs. Even when the litigation is of marginal merit if the plaintiff's conduct bespeaks of an honest attempt to press a perceived, though ill-founded and perhaps misguided claim, he or she should not be found to have acted in bad faith. Belfer, supra, 322 N.J.Super. at 144-45, 730 A.2d 434.
Given this role that the frivolous litigation statute is to be restrictively interpreted, the present motion for attorney's fees must be denied. Defendant Di Giorgio's motion for summary judgment was granted on December 7, 2001 because the defendant was entitled to dismissal of the complaint as a matter of law. This matterthis does not mean defendant is automatically or even presumptively entitled to attorney's fees under the frivolous litigation statute. The granting of that motion does not predetermine that the plaintiff commenced, used or continued her complaint in bad faith solely for the purposes of harassment, delay or malicious injury. The defendant has not provided any credible, undisputed evidence in that regard. Furthermore, even if the plaintiff's attorney should have known before commencing a lawsuit that there was no legal basis for a claim, the attorney's failings may not be imputed to the client. McKeown-Brand, supra, 132 N.J. at 563, 626 A.2d 425.
Litigation may not be deemed frivolous whereas in the present case the plaintiff relies upon the advice of her attorney and sought to bring the perceived claim.
Based on all the foregoing, the motion for counsel fees is denied.
We reverse and remand for reconsideration and for more specific findings and articulation of reasons for any judgment imposing or denying fees. We note our initial agreement with the judge that Savona's argument that counsel should have moved for dismissal earlier was without merit. Savona was on notice before the action was filed that Di Giorgio asserted her claim was baseless. She cannot now be heard to complain that Di Giorgio should have moved earlier for dismissal. Following discovery and before motions, another formal and compelling demand to withdraw the action was made. When that effort failed, motion practice began. We agree with the judge that, given the nature of the case, a dispositive motion any earlier would have been both futile and expensive.
The statute and rule upon which a determination of whether an action is "frivolous" rests upon two alternate definitions. Either it must be shown that the action was commenced or maintained in bad faith, N.J.S.A. 2A:15-59.1b(1); or, the action "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1b(2); Belfer, supra, 322 N.J.Super. at 144, 730 A.2d 434.
*523 Di Giorgio has never asserted in this case that Savona's action was brought in bad faith. It asserted from the time of its first letter that the action was baseless on its merits because of the text of the Handbook and because there were no facts to support it. While the judge properly concluded that the statute should be read restrictively, see Belfer, supra, 322 N.J.Super. at 144, 730 A.2d 434, and that the dismissal of the case on summary judgment was not evidence that Savona's claim was frivolous, his remarks in denying the motion for counsel fees were conclusory.
Savona's claim sounded in breach of a contract created by her hiring, the Handbook, the expiration of the orientation period, and Di Giorgio's duty to "protect" her from the actions of a careless or disorderly co-worker. The judge's opinion does not state what aspect of Savona's arguments had colorable merit and what arguable breach in the contract Di Giorgio committed sufficient to ground the cause of action.
For instance, we are not informed what it was in the Handbook that could be construed to restrict Di Giorgio's right to terminate Savona as an at-will employee. What facts were there that would alter her at-will status or give her a reasonable expectation that she was other than an at-will employee? See Mita v. Chubb Computer Servs. Inc., 337 N.J.Super. 517, 525-26, 767 A.2d 989 (App.Div.2001). The judge's opinion does not allude to counsel's certification that Di Giorgio's Handbook gave rise to a duty on its part to "protect" an at will employee from adverse employment action resulting from carelessness, harassment, or disorderly behavior on the part of a co-worker. If that contention impelled the judge to deny fees, it should be expressly stated and his reasoning articulated.
In summary, we are without articulated findings under the statute, even under a restrictive construction, that something Savona argued could reasonably and in good faith support "an extension, modification or reversal of existing law." See N.J.S.A. 2A:15.59.1b(2). While we understand that the judge's decision on summary judgment established that the case had insufficient merit to proceed to trial, we are unable to determine what Savona did articulate that gave her suit the "marginal merit" necessary to avoid the imposition of fees as a frivolous claim. See, Belfer, supra, 322 N.J.Super. at 144, 730 A.2d 434.
Finally, while we agree that an attorney's pursuit of a frivolous claim may not be imputed to the client, that is no basis for concluding that an action is not frivolous. If it was frivolous on its merits, then the client who pursued such an action is liable under N.J.S.A. 2A:15-59.1. If, on the other hand, Savona was genuinely unaware or uninformed of the frivolous nature of her claim and it was being pursued by her lawyer, liability may be posited under Rule 1:4-8 against her attorney. If the court, upon further reflection, should determine that the action was frivolous, the question of responsibility as between lawyer and client must be addressed.
Reversed and remanded for reconsideration on the merits and more specific findings and conclusions that we ask be filed within thirty days. We retain jurisdiction.
NOTES
[1] Other than a one paragraph letter from Savona claiming that she simply followed her attorney's advice, no other brief on the merits was filed.