**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 13-3298

———

KAREN MCCRONE; DANIEL ARMINIO; JOSE HERNANDEZ;
EMANUEL HODSON; DENISE MOLINEAUX; DAVE STIMON,
Appellants

v.

ACME MARKETS; SUPERVALUE; JOHN DOE CORPORATIONS 1-10

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:12-cv-04645)
District Judge: Honorable Katharine S. Hayden

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 25, 2014

Before: FUENTES, GREENBERG, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 25, 2014)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Karen McCrone, Daniel Arminio, Jose Hernandez, Emanuel Hodson, Denise

Molineaux, and Dave Stimon[1] (collectively "Appellants") appeal from the order of the

---

[1] All Appellants are New Jersey residents.

United States District Court for the District of New Jersey, granting a motion to dismiss in favor of Acme Markets, Inc., Supervalu, Inc., and John Doe Corporations 1-10 (collectively "Acme") [2], for failure to state a claim. Appellants brought suit in New Jersey state court seeking compensatory, consequential, and punitive damages, together with attorney's fees, interests, and costs. They claimed wrongful termination, breach of the implied covenant of good faith and fair dealing, breach of the implied terms of employment, breach of public policy, and an unreasonable and malicious interference with their rights to collect unemployment benefits. Acme then removed the action to the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1332.[3] For reasons which follow, we affirm the decision of the District Court, granting the motion to dismiss for failure to state a claim.

## I. Factual/Procedural History

The parties and the District Court relied on facts set forth in Appellants' Amended Complaint.[4] Appellants all were Store Directors or Assistant Store Directors at Acme Supermarkets[5] throughout New Jersey. Each was terminated in early 2011 after issues

---

[2] Acme Markets, Inc. is a Delaware corporation with stores in New Jersey and its principal place of business in Pennsylvania. Supervalu, Inc. is a Delaware corporation with its principal place of business in Minnesota.

[3] Acme removed the original Complaint by motion on July 25, 2012. After removal, Acme filed a motion to dismiss on August 15, 2012. Appellants amended their Complaint on September 18, 2012 and Acme re-filed its motion to dismiss on October 15, 2012.

[4] Acme "does not admit, and indeed for [the] most part denies, [Appellants'] allegations." (Acme Br. at 2.)

[5] Acme Markets, Inc. was the subsidiary of parent SUPERVALU (Acme notes this was improperly spelled "SUPERVALUE" in the caption for the case) at the time the events in question occurred.

emerged surrounding an employment survey conducted by the corporation.[6] Appellants allege they were not "at-will" employees, but rather, that their relationships and dealings with management created a reasonable expectation of employment. This presumption was "based on meetings in which they were told that as long as they did their jobs and stayed out of trouble they would maintain their employment." (Appellant App. vol. I at 11 (internal quotations omitted).) Appellants were aware of an employee handbook which listed a number of grounds for termination, but made no mention of whether or not they were "at-will" employees. They claim to have relied on these "representations" to presume an assured employment status prior to their terminations.

The terminations in question relate to a customer survey[7] undertaken by a third party in the late spring or early summer of 2010. The purpose of the survey was to measure customer satisfaction, and a website was established at which customers could rate their satisfaction. Store employees were supposed to call customers' attention to the website, which was printed on their store receipts. Appellants allege they were "encouraged by their superiors to increase the numbers and favorable results of the survey" by "any means necessary." (Appellant Br. at 6; Acme Br. at 4.) Appellants claim this encouragement "included, but was not limited to, verbal harassment, [and] threats to their job security and company bonuses." (Appellant App. vol. II at 28.)

---

[6] The Appellants had been employed in their respective places of business for five to thirty-eight years.

[7] Customer surveys were common practice of Acme and were deemed a priority by management. This, however, was the first undertaken by an outside group.

At the end of 2010 and in early 2011, store security personnel contacted the Appellants, accusing them of "falsifying and improperly conducting the survey." (Acme Br. at 4.) Individually, in January and February 2011, Acme's security employees, Joe Mastalski and Nick Micelli, interviewed the six Appellants. Appellants allege that, during the course of these interviews, each was threatened with loss of employment unless they signed statements admitting to their customer survey improper activities. Appellants Arminio and McCrone each signed statements on January 17th and February 18th of 2011, respectively, and were terminated. The other four Appellants, Hernandez, Hodson, Molineaux, and Stimon, refused to sign statements and were terminated on February 19, 2011.[8]

The District Court granted Acme's motion to dismiss for failure to state a claim, holding, "[i]n New Jersey, employment is presumptively at-will," and "that Acme's Retail Policies" failed to create an "oral implied contract for employment" to "overcome[] the presumption of [their] at-will employee status." (Appellant App. vol. I at 15, 18, 20.) Further, the District Court stated that because no implied employment contract existed, the implied covenant of good faith and fair dealing under New Jersey law was not implicated, and accordingly, no claim for relief existed. This appeal followed. On appeal, Appellants now aver that the District Court, on June 24, 2013,

---

[8] Appellants continue to allege that Acme has yet to produce "concrete" evidence to justify these terminations. Further, upon their terminations, Appellants claim they "were assured by [Acme] Human Resources personnel that they would not interfere with their ability to collect unemployment benefits." Acme, however, did challenge the applications for unemployment, and Appellants claim Acme made "exaggerated and untruthful" statements to the New Jersey Department of Labor and Workforce Development concerning the grounds for termination. This issue is not at appeal before this Court.

improperly dismissed Counts I and II of their claims, alleging wrongful termination and breach of an implied contract. In response, Acme argues Appellants failed to meet the threshold showing of the existence of a contract to overcome the presumption that their employment was terminable at-will.

## II. Jurisdiction and Standard of Review

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Appellants allege a claim for damages of at least $75,000. We now have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a district court's order of dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3d Cir. 2000). A motion to dismiss "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986)).

## III. Wrongful Termination and Implied Contract

We address whether the District Court erred in dismissing Counts I and II of the Amended Complaint. These Counts averred that the Appellants were wrongfully terminated because Acme's representations created an implied contract. We must begin with the settled principle that New Jersey is a presumptively "at-will" employment state. *Bernard v. IMI Sys., Inc.*, 618 A.2d 338, 345 (N.J. 1993). "In New Jersey, an employer may fire an employee for good reason, bad reason, or no reason at all under the

5

employment-at-will doctrine." *Witkowski v. Thomas J. Lipton, Inc.*, 643 A.2d 546, 552 (N.J. 1994). That at-will relationship remains terminable by either employer or employee "unless an agreement exists that provides otherwise." *Id.* (citing *Bernard*, 618 A.2d at 346). While exceptions to this doctrine do exist, "[t]oday, both employers and employees commonly and reasonably expect employment to be at-will, unless specifically stated in explicit, contractual terms." *Bernard*, 618 A.2d at 346.

The New Jersey Supreme Court has held that an employment manual might create a binding unilateral contract where the employer modifies the terms of the manual to create newly binding duties and obligations. *Woolley v. Hoffmann-La Roche, Inc.*, 491 A.2d 1257, 1271 (N.J. 1985) *modified on other grounds*, 499 A.2d 515 (1985). It stated, "absent a clear and prominent disclaimer, an implied promise contained in an employment manual that an employee will be fired only for cause may be enforceable even when the employment is for an indefinite term and would otherwise be terminable at will." *Shebar v. Sanyo Bus. Sys. Corp.*, 544 A.2d 377, 382 (N.J. 1988) (citing *Woolley*, 491 A.2d at 1271). This has been further interpreted to include *oral* communications of a company-wide policy. *See Troy v. Rutgers*, 774 A.2d 476, 482 (N.J. 2001) ("Oral promises, representations, employee manuals, or the conduct of the parties, depending on the surrounding circumstances, have been held to give rise to an enforceable obligation on the part of an employer."). Courts enforce these implied promises in light of the employer's representations and the surrounding circumstances. *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 677 A.2d 747, 752 (N.J. 1996).

Appellants contend they have overcome the "at-will" presumption because Acme had an oral policy and practice in place allowing employees to be heard and treated fairly. Further, the employment handbook did not mention the employment was "at-will." Whether the actions of the employer were sufficient to create implied contractual terms is a question of fact. *Troy*, 774 A.2d at 483 (citing *Reynolds v. Palnut, Co.*, 748 A.2d 1216, 1221 (N.J. Super. 2000)). Specifically, the Appellants offer statements from Acme and its failure to designate the employees as "at-will" in the employment manual as factual support for an implied contract. As noted, Appellants further allege Acme had an oral policy and practice in place allowing employees to be heard and treated fairly from prior dealings with management.

Exercising plenary review and applying the same test used by the District Court, we do not find that the Appellants pled facts sufficiently to overcome the burden of proof, as their allegations were not "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The employee manual and a singular statement do not provide more than unspecific speculations. We believe the statement in question, "as long as they did their jobs and stayed out of trouble, they would maintain their employment," merely generalizes what most would consider a reasonable expectation of any employment. Further, New Jersey presumes employees to be "at-will" unless the employees can prove otherwise, through changes in policy or oral statements. *See Troy*, 774 A.2d at 483. While this Court and District Courts have found implied contracts to be created by the employer's representations, the pleadings before us fail to provide a sufficient factual basis to create an action for relief. *See, e.g., Marzano v.*

7

*Computer Sci. Corp., Inc.*, 91 F.3d 497, 512 (3d Cir. 1996) (applying New Jersey law in determining whether memo concerning maternity leave gave rise to enforceable obligation); *Barone v. Leukemia Soc'y of Am.*, 42 F. Supp. 2d 452, 457 (D.N.J. 1998) (applying New Jersey law in noting employee handbook may create binding obligations concerning sick or bereavement leave); *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494, 508 (S.D.N.Y. 1989) (holding that plaintiff may proceed with implied contract for bonus claim based on employer's written policies, course of dealing between parties, and oral representations made to plaintiff). Because the pleadings fail to create something more than "a suspicion [of] a legally cognizable right of action," we will affirm the decision of the District Court granting the motion to dismiss as to Counts I and II for wrongful termination and breach of an implied contract. *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004) (alterations in original)).

## IV. Conclusion

For the foregoing reasons, we affirm the order of the District Court granting the motion to dismiss on behalf of Acme.