**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1910-18T1

1ST COLONIAL COMMUNITY
BANK,

    Plaintiff-Respondent,

v.

TRACEY FARKAS,

    Defendant-Appellant.

_____

Submitted December 19, 2019 – Decided January 29, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-1613-16.

Francis X. Moran, attorney for appellant.

Saldutti Law Group, attorneys for respondent (Thomas B. O'Connell, of counsel and on the brief).

PER CURIAM

    Defendant Tracey Farkas appeals the order that denied her motion to declare as frivolous under N.J.S.A. 2A:15-59.1 and <u>Rule</u> 1:4-8 the complaint for

damages filed by plaintiff, 1st Colonial Community Bank, and that denied

sanctions against plaintiff, plaintiff's attorney and law firm. She also appeals

the denial of her motion for reconsideration. We affirm the trial court's orders.

I.

In an unreported opinion, we remanded this case to the trial court. See 1st

Colonial Cmty. Bank v. Tracey Farkas, No. A-3606-16 (App. Div. June 28,

2018) (slip op. at 9). Our opinion described the procedural history of the case.

> This action's procedural history began in May
> 2016 when the Bank filed a three-count complaint
> against Farkas. The complaint alleged that when the
> Bank commenced a foreclosure action [in 2014] against
> a commercial property primarily operated as a bar and
> restaurant, Farkas was a tenant in an apartment on the
> second floor. The complaint also alleged that after the
> Bank commenced the foreclosure action, the court
> appointed a receiver, the receiver entered into a lease
> with Farkas, and Farkas made no rental payments as
> required by the lease. Discovery later established there
> never was a lease. The complaint stated causes of
> action against Farkas for breach of the lease,
> negligence, and equitable and legal fraud.
>
> Farkas filed an answer, asserted the complaint
> was frivolous, and sent a letter [on July 6, 2016]
> demanding the Bank dismiss the complaint to avoid
> sanctions under Rule 1:4-8 and N.J.S.A. 2A:15-59.1,
> the rule and statute that, among other remedies, permit
> a party to recover counsel fees when an adversary has
> engaged in frivolous litigation. The Bank did not
> dismiss the complaint, even though counsel for the
> Bank admitted during discovery — contrary to the

2

allegations in the complaint — that no lease existed between either the Bank or the receiver and Farkas. Despite the absence of a lease and any basis for the complaint's negligence and fraud counts, the Bank filed a motion for summary judgment, which the court denied.

Following discovery, Farkas filed a motion for summary judgment, which the court granted. The court entered the order for summary judgment on December 16, 2016. Meanwhile, on December 12, 2016, four days before the court decided the summary judgment motion, the Bank had filed a motion to amend the complaint. The court did not dispose of the Bank's motion to amend when it granted summary judgment to Farkas.

The Bank's notice of motion to amend the complaint did not specify the precise relief sought, that is, what the proposed amendment would entail. The body of the Bank's supporting brief suggested the Bank sought to add causes of action against Farkas based on unjust enrichment and quantum meruit. . . .

. . . .

. . . On January 3, 2017, the Bank wrote a letter to the court, which stated: "[p]lease allow this correspondence to serve [as plaintiff's] request to withdraw the motion to amend, returnable on January 20, 2017." According to the court's automated case management system, the motion was disposed of on the return date when the "proceeding" was noted on the docket as "cancelled" because the motion had been withdrawn.

[Id. at 2-4.]

A-1910-18T1

On January 24, 2017, defendant requested frivolous litigation sanctions, but the court denied this as untimely on March 17, 2017. Id. at 4-5. We concluded defendant and the court "overlooked that the Bank sought to add two new counts against Farkas." Id. at 5. We vacated the March 17, 2017 order and remanded the case to the trial court "for consideration of the motion on the merits by a different judge." Id. at 9.

On remand, defendant's motion for sanctions was denied. The court found defendant's "safe-harbor letter" dated July 6, 2016, did not satisfy Rule 1:4-8(b)(1). The letter provided:

> [m]y client adamantly denies all of the claims against her as asserted by the plaintiff in the Complaint. These claims have no basis in law or fact and irrefutably constitute frivolous litigation in violation of [Rule] 1:4-8 and N.J.S.A. 2A:15-59.1. We hereby provide you with NOTICE that these claims against my client must be dismissed within 28 days or sanctions will be sought pursuant to the rules of Court and New Jersey law.
>
> Kindly refer to [Rule] 1:4-8 as well as Pressler [& Verniero], [Current N.J. Court Rules,] comment 1 on [Rule] 1:4-8(b)[](2011) statement as well as pertinent case law including Alpert, Goldberg, Butler, Norton [& Weiss, P.C. v.] Quinn, 410 N.J. Super. 510 [(App. Div. 2009)], and Savona v. [Di Giorgio Corp.], 360 N.J. Super. 55 (App. Div. 2003) and Port-O-San Corp. v. Teamsters Local Union No. 863[,] Welfare & Pension Funds, 363 N.J. Super. 431 (App. Div. 2003) as to our position in this regard. Accordingly, we

4

intend to invoke all the remedies of [Rule] 1:4-8 and N.J.S.A. 2A:15-59.1 in this matter. This letter is written without prejudice and my client reserves all rights.

The court found "[i]t is deficient from the onset, because the purpose of this letter is to provide someone with the notice . . . as to why the demand is being made and that's completely void in your letter." The cases cited by defendant did not "reference the specific facts" or how the cases "are applicable to the facts of this case." Defendant's safe-harbor letter was deficient because it did not say why the case was frivolous, nor the reason why defendant could not have explained what was "frivolous."

The court observed that when plaintiff filed its complaint, it "debatably" had a basis to file a breach of contract action because there was information "someone [is] living in an apartment and they are named in an information subpoena that they have as a tenant." The court found it "would not be able to find that [plaintiff's] lawsuit was not filed in good faith . . . ." The court concluded the "letter . . . sent on July 6th, 2016 is deficient . . . [and it was] unable to draw the conclusion that there was no valid basis when the complaint was filed for the breach of contract." Defendant's motion for reconsideration was denied because she did not satisfy the standards for reconsideration under D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

On appeal, defendant argues the unreported opinion determined the safe-harbor letter to be adequate and sufficiently specific under Rule 1:4-8. She contends the trial court erred because the letter had to be considered in the context of other documents in the case such as its answer to the complaint and notice to request documents, and that a "fact sensitive" analysis was required. Defendant argues the trial court erred by allowing more than one attorney to argue the motion for plaintiff, who then argued points of law not raised to the trial court prior to the remand. Defendant contends the trial court order was arbitrary and unreasonable because plaintiff did not previously raise deficiencies with the letter under Rule 1:4-8. Defendant asks us to vacate the two orders and to hear her motion for sanctions on the merits.

## II.

We review for abuse of discretion a judge's decision on a motion for frivolous lawsuit sanctions. Bove v. AkPharma Inc., 460 N.J Super. 123, 146 (App. Div. 2019) (citing McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011)). Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting McDaniel, 419 N.J. Super. at 498).

6

Where reconsideration is requested, a court should consider whether "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria, 242 N.J. Super. at 401). Trial courts should grant motions for reconsideration "only under very narrow circumstances." Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002). We review the denial of a motion for reconsideration for abuse of discretion. Ibid.

The Frivolous Litigation Statute, N.J.S.A 2A:15-59.1, and Rule 1:4-8 address sanctions against attorneys and parties for conducting frivolous litigation. Bove, 460 N.J. Super. at 147. "Rule 1:4-8 provides for the imposition of sanctions where an attorney or pro se party filed a pleading or a motion with an 'improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[,]' Rule 1:4-8(a)(1), or by asserting a claim or defense that lacks the legal or evidential support required by Rule 1:4-8(a)(2), (3) and (4)." Id. at 148 (quoting State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006)). A frivolous claim is one where "no rational argument can be advanced in its support, or it is not supported by any

credible evidence, or it is completely untenable." United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009) (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)).

A motion for frivolous litigation sanctions "shall be filed . . . no later than [twenty] days following the entry of final judgment." R. 1:4-8(b)(2). Prior to this, the attorney for the party seeking sanctions must send a "safe-harbor letter." See R. 1:4-8(b)(1). The letter shall say why the pleading is alleged to be frivolous and "set forth the basis for that belief with specificity." R. 1:4-8(b)(1)(ii). "The notice must be sufficiently specific and detailed to provide an opportunity to 'withdraw the assertedly offending pleadings.'" Bove, 460 N.J. Super. at 150 (quoting Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 408 (App. Div. 2009)). The purpose is to provide notice of the issues in order that they can be "corrected promptly and litigation costs kept to a minimum, thereby preserving judicial, lawyers', and litigants' resources." Ferolito, 408 N.J. Super. at 409 (quoting Toll Bros., Inc. v. Twp. of Windsor, 190 N.J. 61, 71 (2007)). "[A] notice and demand articulating an objection on one legal theory does not serve to alert the client or the attorney to other weaknesses." Ibid. There must be "[s]trict compliance with each procedural requirement of Rule 1:4-8." Bove, 460 N.J. Super. at 149.

We recently held that a safe-harbor letter must be specific in alerting counsel and parties to the alleged frivolous nature of a claim. In Bove, the safe-harbor letter by defendants did not mention the Workers' Compensation Act (WCA) exclusivity bar as a reason that the litigation was alleged to be frivolous. Id. at 154. Defendants prevailed in the litigation on the basis of the WCA exclusivity bar. Ibid. We held "[t]his lack of specificity constituted a failure to properly alert Bove and his counsel to the alleged frivolous nature of Bove's claim." Id. at 154-55. This deficiency was an additional ground for reversing the trial court's award of sanctions in that case. Id. at 155.

The trial judge, here, reasonably exercised her discretion in finding the July 6, 2016 safe-harbor letter did not provide specific and detailed reasons why plaintiff's litigation was frivolous. The letter did not mention the lack of a lease or rent payments by defendant. Defendant acknowledged she engaged in discovery about the lease issue—after she sent the July 6, 2016 letter. Defendant's answer denied entering into a lease with the receiver and that she was required to make rent payments. However, in a different lawsuit involving plaintiff, defendant's parents acknowledged in their answers to information subpoenas, that their daughter was a tenant at the premises.[1] The lease issue

---

[1] Defendant's parents were the owners of the premises where she resided.

was the reason defendant argued the litigation was frivolous, yet it was not referenced in the letter.

We are not persuaded by defendant's argument that the trial court was precluded from addressing this deficiency because plaintiff did not raise it in the earlier proceedings. In Bove, we said "even if a non-prevailing party does not complain about a deficiency regarding a safe-harbor notice, the judiciary itself has an institutional interest in assuring that the safe-harbor prerequisites to fee-shifting is strictly enforced." Ibid. (citing Toll Bros., 190 N.J. at 71). The trial court did not abuse its discretion by reviewing the letter for consistency with the Rule.

We reject defendant's assertion that our prior unreported opinion decided whether the safe-harbor letter complied with the statute and rule. Our opinion made no such decision. We expressly stated "[o]ur opinion should not be construed as suggesting in any way the outcome of the motion." Farkas, slip op. at 9.

We agree with the trial court that just because summary judgment was granted to defendant did not mean plaintiff's complaint was frivolous under the statute or the rule. "[A] grant of a motion for summary judgment in favor of a [prevailing party], without more, does not support a finding that the [non-

10

prevailing party] filed or pursued the claim in bad faith." Bove, 460 N.J. Super. at 152 (alterations in original) (quoting Ferolito, 408 N.J. Super. at 408). As long as the party filing the pleadings "had an objectively reasonable and good faith belief in the merits of the claim, attorney's fees will not be awarded." Ibid.

Here, in addition to the safe-harbor letter's lack of specificity, the trial court also rejected defendant's argument that plaintiff's lawsuit was not filed in good faith because plaintiff had a "debatable" basis to file a breach of contract complaint. There was support for that in this record.

Defendant's remaining arguments—including that two attorneys argued the case for plaintiff at the September 2018 oral argument and that the judge on remand did not give adequate consideration to rulings made in the summary judgment motions prior—are not persuasive. We have thoroughly considered the record and discern no prejudice to defendant or abuse of discretion by the court. Defendant's arguments do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We agree with the trial court's denial of defendant's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION