775 A.2d 723 (2001)
342 N.J. Super. 77
William R. PETRUSKY, Plaintiff-Appellant/Cross-Respondent,
v.
MAXFLI DUNLOP SPORTS CORPORATION, David Haggerty, Steve Zalinski, and Stewart Bunn, Defendants-Respondents/Cross-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 2001.
Decided July 5, 2001.
*724 James M. McCreedy, Morristown, argued the cause for appellant/cross-respondent (Wiley, Malehorn and Sirota, attorneys; Mr. McCreedy, of counsel and, with Eugene Huang, on the brief).
Jill E. Jachera argued the cause for respondent/cross-appellant (Morgan, Lewis & Bockius, attorneys; Ms. Jachera, of counsel and, with Joseph A. Piesco, Princeton, on the brief).
Before Judges PRESSLER, KESTIN and ALLEY.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff's appeal and defendants' cross-appeal, both interlocutory, are before us on leave granted to each of the parties. As to the appeal, we reverse. As to the cross-appeal, we affirm.
Plaintiff, in six counts of a complaint for wrongful discharge, had pleaded causes of action for unlawful discrimination in employment by reason of age under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42; breach of the implied covenant of good faith and fair dealing, see Peck v. Imedia, Inc., 293 N.J.Super. 151, 167-68, 679 A.2d 745 (App.Div.1996), certif. denied, 147 N.J. 262, 686 A.2d 763 (1996); tortious interference with economic advantage, general and continuing; tortious interference with prospective economic advantage; promissory estoppel; and breach of an employment contract existing as a matter of law, see Woolley v. Hoffmann-La Roche, Inc., 99 N.J. 284, 491 A.2d 1257, modified, 101 N.J. 10, 499 A.2d 515 (1985).
The matter came before the trial court on defendants' motion for summary judgment as to all counts. The court, in an initial order entered August 21, 2000, granted the motion as to the LAD claim and the two tortious interference causes of action, dismissing them with prejudice. That order recited that the judge had expressed his reasons on the record on June 23, 2000, the argument date of the summary judgment motion, and in a letter opinion of August 21, 2000, accompanying the order. In an amended order entered on September 13, 2000, the Woolley claim was also dismissed as having been inadvertently omitted from the earlier order even though its dismissal was covered in the letter opinion. Plaintiff appeals from the dismissal of the LAD claim; defendants appeal from the denial of their motion as to the promissory estoppel claim and the cause of action based on the implied covenant of good faith and fair dealing.
With respect to the LAD claim, the trial court viewed our holding in Reynolds *725 v. Palnut Co., 330 N.J.Super. 162, 748 A.2d 1216 (App.Div.2000), to be inconsistent with its understanding of the Supreme Court's decisional rationale in Bergen Commercial Bank v. Sisler, 157 N.J. 188, 723 A.2d 944 (1999). The trial court read Sisler to hold that any LAD-employment-discrimination claimant, to establish a valid basis for an inference of age discrimination, was required to show that he had been replaced by a person sufficiently younger or older than he, depending on the precise nature of the claim. We held in Reynolds that that requirement existed only in reverse-age-discrimination cases as a heightened requirement because such claimants were not representative "of a historically disadvantaged class." Reynolds, supra, 330 N.J.Super. at 168, 748 A.2d 1216. We went on to hold, concomitantly, that in a more typical age discrimination case, the claimant, in order to satisfy the fourth element of the four-part standard for a prima facie showing established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L. Ed.2d 668, 677 (1973),[*] was not required to show the age of the person who replaced him. Rather, it was sufficient to show "that the employer sought others to perform the work after the complainant has been removed." Reynolds, supra, 330 N.J.Super. at 168, 748 A.2d 1216. See also O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311, 116 S.Ct. 1307, 1310, 134 L. Ed.2d 433, 438 (1996). We held specifically that, as long as the claimant has made a sufficient prima facie showing to create an inference of discrimination, "[h]e need not show that he was replaced by someone sufficiently younger." Reynolds, supra, 330 N.J.Super. at 168, 748 A.2d 1216; see also Williams v. Pemberton Tp. Pub. Schs., 323 N.J.Super. 490, 502, 733 A.2d 571 (App.Div.1999).
The motion judge understood Sisler to hold that, under the LAD, plaintiff must demonstrate he was replaced with someone sufficiently younger. The motion judge regarded our view in Reynolds as a negation of that requirement. In his letter opinion, he stated:
A trial court is bound by decisions of both the Appellate Division and the Supreme Court. However, when those courts are clearly at odds with one another, the trial court must follow the higher court. In this case the Supreme Court's holding in Sisler is binding.
We agree with the underlying thought within the confines of the general principal that a trial judge, while "privileged to disagree with the pronouncements of appellate courts[,]" may not disobey them. Reinauer Realty Corp. v. Borough of Paramus, 34 N.J. 406, 415, 169 A.2d 814 (1961). However, we regard as flawed the motion judge's view that the respective rationales of Sisler and Reynolds are incompatible. As we have noted, in Reynolds, we interpreted Sisler as mandating a showing that the complainant had been replaced by someone of a different age as necessary to satisfy the fourth element of a prima facie showing only in the atypical case where reverse age discrimination is alleged. We adhere to that view and regard it as governing until the Supreme Court declares otherwise. In so concluding, we are aware of a recent federal trial court opinion which articulated a view that we, in Reynolds, had misapplied Sisler, much as the motion judge here opined we *726 had. See Swider v. Ha-Lo Indus., Inc., 134 F.Supp.2d 607, 622-26 (D.N.J.2001). We disagree with that view also.
We are mindful of a passage from Sisler, quoted by the motion judge in his letter opinion, which accepts and clearly ratifies the view that in an ordinary age discrimination case the specificity of the fourth element of McDonnell Douglas for a prima facie showing, namely the age of the person by whom plaintiff was replaced, has no place:
"The fact that one person in the protected class has lost out to another person in the protected class is ... irrelevant, so long as he has lost out because of his age.... [T]here can be no greater inference of age discrimination ... when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year-old."
[Sisler, supra, 157 N.J. at 212, 723 A.2d 944 (quoting O'Connor, supra, 517 U.S. at 312, 116 S.Ct. at 1310, 134 L. Ed.2d at 438 (1996)).]
The motion judge went on to observe:
The New Jersey Supreme Court interpreted this to mean that the fourth element of the prima facie case focuses on whether the plaintiff has established a logical reason to believe the decision rests on a legally forbidden ground, not whether the replacement is a member of the protected class. Sisler, [supra,] 157 N.J. at 213, 723 A.2d 944.
We take these expressions to strengthen, rather than weaken, the conclusion that it is erroneous, in an ordinary case of age discrimination in employment, to use reference to a particular replacement employee as the only means for satisfying the customary fourth element of a prima facie showing. The focal question is not necessarily how old or young the claimant or his replacement was, but rather whether the claimant's age, in any significant way, "made a difference" in the treatment he was accorded by his employer. See, e.g., Murray v. Newark Hous. Auth., 311 N.J.Super. 163, 174, 709 A.2d 340 (Law Div.1998) (quoting Turner v. Schering-Plough Corp., 901 F.2d 335, 342 (3d Cir. 1990)); see also Maxfield v. Sinclair Int'l, 766 F.2d 788, 792 (3d Cir.1985)("[T]he fourth element of the McDonnell Douglas test could be satisfied by proof of either replacement by someone outside the protected class or by someone younger or by other proof that the discharge was because of age." (emphasis supplied)), cert. denied sub nom. Sinclair Int'l v. Maxfield, 474 U.S. 1057, 106 S.Ct. 796, 88 L. Ed.2d 773 (1986). Thus, we conclude the trial court, in ruling on this aspect of defendants' motion for summary judgment, mistakenly conceived the fourth element test as rising or falling on whether plaintiff had made a showing that he had been replaced by a younger person.
Accordingly, we reverse the dismissal of the LAD claim without prejudice to defendants' right to seek a ruling from the trial court on the sufficiency of plaintiff's showing measured by the correct standards, either in another pretrial motion or in a motion at trial following the conclusion of plaintiff's plenary proofs. We evaluate the showing plaintiff has made to date to present a closer question in this regard than was posed in Reynolds, and we therefore decline to exercise our original jurisdiction here as we did there to resolve the issue. See Reynolds, supra, 330 N.J.Super. at 170-71, 748 A.2d 1216.
Turning to the cross-appeal, we affirm the trial court's disposition based upon the record before it, substantially for the reasons stated. As to the promissory estoppel issue, "[i]ssues of material fact exist with regard to the ... elements [of promissory estoppel] which preclude summary *727 judgment." As to the issue implicating the implied covenant of good faith and fair dealing, with what has been shown to date, "there are significant questions of fact whether plaintiff was falsely led to believe that his job was very secure." He is entitled to a plenary proof opportunity as to both of these claims.
In summary, as to the appeal, we reverse; as to the cross-appeal, we affirm. The matter is remanded for trial on counts one, two, and five of the amended complaint.
NOTES
[*] See, e.g., Maiorino v. Schering-Plough Corp., 302 N.J.Super. 323, 344-48, 695 A.2d 353 (App.Div.), certif. denied, 152 N.J. 189, 704 A.2d 19 (1997) (applying the proof-responsibility methodology of McDonnell Douglas and subsequent federal cases as a starting point in LAD cases involving age discrimination in employment).