**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2705-16T1

DAVID CULAR,

    Plaintiff-Appellant,

v.

MT IMPORTS, INC. d/b/a GALAXY
TOYOTA, BOB CIASULLI AUTO GROUP,
INC. and ROBERT CIASULLI, III,

    Defendants-Respondents.

_____

Argued May 15, 2018 — Decided June 5, 2018

Before Judges Fasciale, Sumners and Natali.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Docket No. L-1250-
14.

Bruce P. McMoran argued the cause for
appellant (McMoran, O'Connor, Bramley & Burns,
PC, attorneys; Bruce P. McMoran and Michael
F. O'Connor, on the briefs).

Resa T. Drasin and Anthony R. Todaro argued
the cause for respondents (Woehling Law Firm,
PC, and Thompkins, McGuire, Wachenfeld &
Barry, LLP, attorneys; Resa T. Drasin, of
counsel and on the brief; Leon B. Piechta, of
counsel; Maximilian D. Cadmus and John M.
Badagliacca, on the brief).

PER CURIAM

In this age-discrimination case, plaintiff appeals from a January 6, 2017 judgment of no cause of action entered after a jury trial. He identified nine orders in his notice of appeal — mostly addressing evidentiary rulings at trial as well as an order denying his motion for a new trial — but his merits brief addressed only some of the orders. We affirm.

We recognize that "[e]videntiary decisions are reviewed under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010). "Under this standard, 'an appellate court should not substitute its own judgment for that of the trial court, unless the trial court's ruling was so wide of the mark that a manifest denial of justice resulted.'" Hanisko v. Billy Casper Golf Mgmt., Inc., 437 N.J. Super. 349, 362 (App. Div. 2014) (quoting State v. Brown, 170 N.J. 138, 147 (2001)). We see no abuse of discretion here.

We begin by generally summarizing the substantive law in an age-discrimination case. The New Jersey Law Against Discrimination (LAD) prohibits employment discrimination based on an employee's age. N.J.S.A. 10:5-12(a). "All LAD claims are evaluated in accordance with the United States Supreme Court's

burden-shifting mechanism" established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Battaglia v. United Parcel Serv., Inc.</u>, 214 N.J. 518, 546 (2013).

A plaintiff claiming age discrimination must first present evidence establishing a prima facie case of discrimination by showing age played a determinative role in the adverse employment action. "[T]o successfully assert a prima facie claim of age discrimination under the LAD, plaintiff must show that: (1) [he] was a member of a protected group; (2) [his] job performance met the 'employer's legitimate expectations'; (3) [he] was terminated; and (4) the employer replaced, or sought to replace, [him]." <u>Nini v. Mercer Cty. Cmty. Coll.</u>, 406 N.J. Super. 547, 554 (App. Div. 2009) (quoting <u>Zive v. Stanley Roberts, Inc.</u>, 182 N.J. 436, 450 (2005)), <u>aff'd</u>, 202 N.J. 98 (2010). In general, satisfaction of the fourth element "require[s] a showing that the plaintiff was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination,'" <u>Bergen Commercial Bank v. Sisler</u>, 157 N.J. 188, 213 (1999) (quoting <u>Kelly v. Bally's Grand, Inc.</u>, 285 N.J. Super. 422, 429 (App. Div. 1995)), or that otherwise creates an inference of age discrimination, <u>Reynolds v. Palnut Co.</u>, 330 N.J. Super. 162, 168-69 (App. Div. 2000).

Upon plaintiff's demonstration of a prima facie case, the burden shifts to the employer to articulate a legitimate non-

discriminatory reason for the adverse employment action. Sisler, 157 N.J. at 210-11. "[T]he plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application." Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 331 (2010) (quoting Dixon v. Rutgers, The State Univ. of N.J., 110 N.J. 432, 442 (1988)).

"Evidence of pretext sufficient to permit the employee to reach a jury may be indirect, such as a demonstration 'that similarly situated employees were not treated equally.'" Jason v. Showboat Hotel & Casino, 329 N.J. Super. 295, 304 (App. Div. 2000) (citation omitted) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981)). Plaintiff must present comparator evidence sufficient to prove that he or she is "similarly situated" to his or her comparators, and that these employees have been treated differently or favorably by their employer. See Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 84-85 (1978).

To determine whether employees are similarly situated, "courts tend to consider whether the plaintiff and the comparator had similar job responsibilities, were subject to the same standards, worked for the same supervisors, and engaged in comparable misconduct." Ewell v. NBA Props., 94 F. Supp. 3d 612, 624 (D.N.J. 2015). That does "not mean to suggest that [the

listed] aspects of similarly situated status are exhaustive or of equal significance in different employment contexts. The trial judge will have to make a sensitive appraisal in each case to determine the most relevant criteria." Jason, 329 N.J. Super. at 305 (alteration in original) (quoting Peper, 77 N.J. at 85). "Thus there is no bright-line rule for determining who is a 'similarly situated' employee." Ibid. The "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Id. at 304 (quoting Burdine, 450 U.S. at 253-54).

On appeal, plaintiff contends primarily that the verdict was against the weight of the admissible evidence. He contends that the judge erred by denying his motion for a new trial because the verdict resulted from the purported evidentiary mistakes. In particular, the judge admitted evidence that plaintiff had an extra-marital relationship; admitted testimony of the ages of various employees; and excluded summaries of reports prepared by plaintiff.

The evidence adduced at trial showed that plaintiff worked at Galaxy Toyota (Galaxy) for thirty-four years from 1980 until his termination on April 14, 2014. For thirty-two of plaintiff's thirty-four years at Galaxy, plaintiff worked as the dealership's manager of the Parts Department. Galaxy is one of several

dealerships that comprise Bob Ciasulli Auto Group (BCAG). Robert Ciasulli, III, (Ciasulli) is the general manager of Galaxy, along with Galaxy's sister dealership, Honda Universe, which also falls within BCAG. Ciasulli terminated plaintiff, and replaced him with Chris Straccia (Straccia) from Honda Universe. At the time, plaintiff was fifty-seven years old, and Straccia was forty-six years old.

Plaintiff makes two contentions to support his assertion that the judge improperly allowed general comparator evidence from defendants about ages of other employees of BCAG. We reject the first argument — that the judge should have excluded this evidence in limine — and conclude that this contention is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We note that "[w]here . . . the decision on the in limine motion itself requires an analysis of evidence yet to be presented or credibility determinations, such motions should ordinarily be denied until a sufficient predicate is established." Berrie v. Berrie, 252 N.J. Super. 635, 641-42 (App. Div. 1991). The judge adhered to this standard.

Second, plaintiff asserts substantively — as he had on his motion for a new trial — that the judge improperly permitted defendants to introduce the ages of employees in the Parts Department and Service Department of Honda Universe, who had been

hired by Straccia, not Ciasulli, including countermen and service advisors who were in non-management positions. He also contends that the introduction of ages of two countermen Straccia hired at Galaxy after plaintiff's termination was improper. It is unclear, from plaintiff's argument, which employees should not have been identified with an age. At the motion for a new trial, the judge also struggled to learn this information because — like on appeal — plaintiff asserted that "[n]one of the other employe[e]s [other than Straccia] whose ages were testified to were similarly situated."

But plaintiff did not specifically identify which testimony was at issue. It is plaintiff's "responsibility to refer us to specific parts of the record to support [his] argument. [He] may not discharge that duty by inviting us to search through the record ourselves." Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474 (App. Div. 2008). We are not obliged to search the record or the law to substantiate plaintiff's argument where proper citations are not provided. State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977). Nevertheless, defendants attempted to identify the individuals as the "two countermen" and direct us to the judge's oral ruling on the motion for a new trial.

For the sake of completeness, we address plaintiff's substantive contention. It appears that the purported comparator

evidence at issue was not testimony proffered by plaintiff. Rather, it consists of testimony elicited by defendants to show that age was not a determinative factor in plaintiff's termination from employment.

In general, the judge did not direct the jury to categorize any employee as similarly situated to plaintiff. In charging the jury, the judge stated: "You may consider how . . . Ciasulli treated employees of various ages who were similarly situated to [plaintiff]." Yet the judge did not, nor did either party, specify employees who were similarly situated. And the parties did not object to this jury charge.

The judge explained to the jury — without objection — "[t]o prevail, the plaintiff is not required to prove that age was the only reason or motivation for defendant[s'] action. Rather, the plaintiff must prove that age was a determinative factor in the decision. In other words, it made an actual difference in the defendant[s'] decision." The jury rejected plaintiff's contention that this was the case. As defendants' counsel argued before us, there was no credible evidence at trial that demonstrated age was a determinative factor. Counsel pointed out to the jury, and at argument before us, that over the years, defendants terminated younger employees too.

Next, plaintiff asserts that the judge improperly admitted evidence of his extra-marital relationship with a woman (the woman). Defendants were made aware of the woman's existence on the eve of trial, and added her to their witness list. Plaintiff contends that his relationship with the woman had no relevance to the case and was unduly prejudicial, requiring exclusion under N.J.R.E. 401 and 403.

"Relevant evidence" is "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action," N.J.R.E. 401, yet such evidence "may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury," N.J.R.E. 403.

When plaintiff objected to the woman testifying, the judge considered the potential probative value of the testimony and determined that it outweighed any prejudice and could relate to the alleged damages. Her testimony was directly relevant to plaintiff's allegation that his termination from employment caused the deterioration of his marriage, financial state, and mental health. The probative value of the woman's testimony outweighed its prejudicial effect.

Plaintiff contended that his wife filed for divorce in May 2015 because of his termination from Galaxy, yet the woman revealed

that she began communicating with plaintiff in March 2015. Such evidence challenged whether his wife filed for divorce for reasons unrelated to his termination. Plaintiff contended that his termination from Galaxy left him unable to support his family or pay his mortgage, yet the woman's testimony about gifts from plaintiff and sharing the rent of an apartment starting in September 2015, is probative of whether plaintiff's contentions were accurate. The testimony was clearly relevant as it had a tendency to prove or disprove plaintiff's alleged damages.

Finally, plaintiff contends the judge improperly declined to admit into evidence summaries of what the parties referred to as 401 reports. The 401 reports contained information about department statistics related to sales and profits, and performance; and were admitted into evidence. The 401 reports, plaintiff asserts, are complex and "[n]o layperson could possibly decipher the information on the reports without a guide." Plaintiff contends that because defendants evaluated his performance primarily by the financial performance reflected in the 401 reports, the jury needed to understand the reports and the "summaries were the best evidence on plaintiff's and Straccia's performance."

In denying plaintiff's request to enter the summaries into evidence, the judge explained, "I'm concerned that allowing the

jury to go back into the jury room with these documents might overemphasize the particular points that you want to make." The judge allowed plaintiff to use the summaries in his summation and "point out to the jury what [it] can look at in the 401s." The 401 reports were extensively explained to the jury and the subject of witness testimony. Plaintiff also presented the summaries to the jurors as demonstrative exhibits. The judge noted that he could "say with some assurance that the 401[]s . . . were clear to them by the end of this case. And they knew the lines items that were involved, Honda and Galaxy." The judge explained that entering the summaries into evidence "would place an undue prejudice upon the defense, [and] would place an undue advantage on the plaintiff by over emphasizing the particular claim that the plaintiff wanted to make."

Plaintiff's reliance on N.J.R.E. 1006, which allows the use of summaries when the record is voluminous or complex, is misplaced. N.J.R.E. 1006 states: "The contents of voluminous writings or photographs which cannot conveniently be examined in court may be presented by a qualified witness in the form of a chart, summary, or calculation." The 401 reports combined are about 119 pages, and thus can "conveniently be examined in court." N.J.R.E. 1006. The judge addressed the complexity of the reports and the jury's understanding of the reports, and explained that

the 401 reports were thoroughly explained throughout the trial and "were drilled into [the jurors'] heads."

Giving substantial deference to the judge, <u>Hanges</u>, 202 N.J. at 383-84, the judge did not abuse his discretion by barring summaries of the 401 reports from evidence. The judge admitted the underlying data, permitted extensive examination about the admitted evidence, and allowed demonstrative aids to be shown to the jury. The failure to admit the summaries was not erroneous and cannot reasonably be claimed to have produced an unjust result.

We conclude plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2705-16T1