**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1366-20

JYOTSNA VIBHAKAR,

    Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
STATE OF NEW JERSEY
DEPARTMENT OF HUMAN
SERVICES, ANN KLEIN
FORENSIC CENTER,
JENNIFER VELEZ, ELIZABETH
CONNOLLY, GLENN FERGUSON,
ANN KENYON, LINDA ELIAS,
and VALERIE BAYLESS,

    Defendants-Respondents.

_____

Submitted April 26, 2022 – Decided July 6, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2276-16.

Law Office of Donald F. Burke, attorneys for appellant (Donald F. Burke and Donald F. Burke, Jr., on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondents (Jane C. Schuster, Assistant Attorney General, of counsel; Eric Intriago, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff appeals from the trial court's December 11, 2020 order granting defendants'[1] motion for summary judgment and denying plaintiff's cross-motion. In her complaint alleging a violation of the New Jersey Law Against Discrimination (LAD),[2] plaintiff asserts she was passed over for several promotions during her long tenure with defendants because of her race and national origin—she was born in India and is Asian.[3] Because the trial court did not err in finding plaintiff could not demonstrate that defendants' proffered legitimate reasons denying her the sought promotions were pretext, we affirm.

Plaintiff worked for the State of New Jersey in various positions for over twenty-five years before retiring in August 2020. In 2002, she was hired as an

---

[1] The named individual defendants are all state employees. We refer to all defendants collectively.

[2] N.J.S.A. 10:5-1 to -50.

[3] Plaintiff's complaint also alleged defendants discriminated against her because of her age. She was sixty-three at the time of the filing of the complaint. Plaintiff does not contest the dismissal of her claims regarding age discrimination.

instructor counselor for the Ann Klein Forensic Center. She remained in that position until she retired. Between 2007 and 2016, plaintiff applied for nine promotions for positions within the facility. She was not selected for any of the jobs. She asserts the State violated the LAD and the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2, in denying her the promotions.

Plaintiff also alleged in her complaint that defendants denied her promotions in 2015 and 2016 because she filed a complaint with the Equal Employment Opportunity Commission (EEOC) in 2010 asserting discriminatory behavior and harassment because she was not selected for certain positions within the facility. She contends defendants retaliated against her because of the complaint.

Plaintiff filed her complaint on November 18, 2016. The trial court found that any alleged instances of discrimination that occurred prior to November 17, 2014, were barred under the two-year statute of limitations established under N.J.S.A. 2A:14-2. See also Montells v. Haynes, 133 N.J. 282, 292 (1993). Plaintiff does not challenge the court's ruling barring consideration of the denied promotions that occurred between 2007 and 2014, but instead urges this court to consider them as "a pattern that could support a jury's conclusion that the

employer discriminated and retaliated against [her]." Therefore, we need not address the time-barred allegations.

Plaintiff's resume indicates she was educated at DKV Arts and Science College. She states she completed course work equivalent to an associate degree in arts. She also obtained a certification in psychiatric rehabilitation.

We turn to the two promotions the court found timely as the postings occurred in 2015 and 2016.

In May 2015, Anne Kenyon—Director of Human Resources at Ann Klein—authorized the recruitment for a senior rehabilitation counselor position to replace an employee retiring July 1, 2015. Under the Department of Human Service's policy, a person could not be appointed to a position until it became vacant. The personnel action form stated, "[R]ecruit after retirement 7/1/15 approved." In May 2015, plaintiff was the only candidate on the eligible civil service list; the list expired on June 20, 2015.

The job opportunity was posted on July 31, 2015 and plaintiff submitted an application. The candidate who was eventually chosen for the position was employed as a rehabilitation counselor at another state facility and was determined eligible on a different civil service list. The candidate was selected on a provisional basis for the job, which rendered her eligible for permanent

employment at Ann Klein. The successful candidate had a bachelor's degree in psychology and was certified as a therapeutic options trainer and in psychiatric rehabilitation. She had worked as a rehabilitation counselor since 2011.

In April 2016, the Civil Service Commission (CSC) posted a job announcement seeking candidates to permanently fill the position of senior rehabilitation counselor. The position required a bachelor's degree, "including or supplemented by twenty-four" additional credits relevant to the responsibilities of the position. A candidate had to supply a copy of the transcript. The posting stated if a candidate held a foreign degree or transcripts, the documents would be "evaluated by a recognized evaluation service."[4] The posting further indicated that an individual lacking a bachelor's degree but possessing the required twenty-four credits, "may substitute additional experience for the remaining education on a year-for-year basis. One (1) year of experience is equal to thirty (30) semester hour credits."

Plaintiff applied for the position. In August 2016, a Certification of Eligibles for Appointment was signed by Kenyon indicating three eligible candidates, one being the employee working in the position on a provisional

---

[4] Numerous job postings plaintiff had previously applied to also listed the degree evaluation requirement.

A-1366-20

basis. Plaintiff was not listed as an eligible candidate. Defendants assert that the successful candidate was more qualified and was on the civil service list of eligible candidates while plaintiff was not.

All parties moved for summary judgment. In a December 11, 2020 oral decision, the trial court held that the alleged instances of discrimination that occurred prior to November 17, 2014 were each a discrete act and, therefore, barred by the two-year statute of limitations under N.J.S.A. 2A:14-2.

In considering the 2015 and 2016 allegations of discrimination and retaliation, the court found that defendants provided "legitimate nondiscriminatory reason[s]" for their employment decisions and plaintiff failed to show the reasons were pretextual. In addressing the 2015 hiring decision, the judge noted the successful candidate "not only had a Bachelor's degree in psychology, but also had [twelve] years of rehabilitation experience. And more significantly she had actually held a lower title of rehabilitation counselor of mental health," which plaintiff lacked. In addition, plaintiff did not hold a Bachelor's degree.

The 2015 job at issue then became available for a permanent position in 2016. The court found defendants did not discriminate against plaintiff by not selecting her for the 2016 position "because the [CSC] had not placed plaintiff

A-1366-20

on the list of eligibles for the permanent promotion, whereas the incumbent was on that list and was therefore chosen."

The judge stated that he had examined the record "many times" looking for "any evidence of pretext," but found "not a shred of evidence of retaliatory or discriminatory intent or evidence of impermissible motive." The court found plaintiff only speculated that the selection of a different candidate for the 2015 and 2016 positions was due to discrimination or a retaliatory motive. She presented no proofs to support her allegations.

The court concluded: "Plaintiff has not pointed to any record, fact suggesting discrimination or retaliation other than the obvious fact of her Indian national origin and age, as well as the . . . earlier EEO[C] complaint." And, "[t]here is nothing to suggest any decision maker was motivated by a bias in selecting another candidate for a senior rehabilitation counselor position."

In turning to the retaliation claims, the court noted the EEOC complaint was made in 2010 and there was no "causal connection between the alleged whistleblowing activity and the alleged adverse employment actions from 2015 and 2016." The court also found plaintiff had not established her claims of aiding and abetting against the individual defendants.

A-1366-20

On appeal, plaintiff contends the court erred in granting summary judgment. Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We apply the same standard as the motion judge and consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c).

The LAD guarantees that all citizens are afforded the civil rights promised by our state constitution. N.J.S.A. 10:5-2; Viscik v. Fowler Equip. Co., 173 N.J. 1, 12 (2002). The purpose of the LAD "is to abolish discrimination in the work place." Fuchilla v. Layman, 109 N.J. 319, 334 (1988).

Although the LAD forbids unlawful, discriminatory employment practices, it "acknowledges the right of employers to manage their businesses as they see fit." Viscik, 173 N.J. at 13. "What makes an employer's personnel action unlawful is the employer's intent." Zive v. Stanley Roberts, Inc., 182 N.J. 436, 446 (2005) (citing Marzano v. Comput. Sci. Corp., 91 F.3d 497, 507 (3d Cir. 1996)).

A-1366-20

To prove discriminatory intent, our Supreme Court adopted the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973):

> (1) the plaintiff must come forward with sufficient evidence to constitute a prima facie case of discrimination; (2) the defendant must then show a legitimate nondiscriminatory reason for its decision; and (3) the plaintiff must then be given the opportunity to show that the defendant's stated reason was merely a pretext or discriminatory in its application.
>
> [Meade v. Twp. of Livingston, 249 N.J. 310, 328 (2021) (quoting Henry v. Dep't of Hum. Servs., 204 N.J. 320, 331 (2010)).]

To prove a prima facie case, a plaintiff must show (1) they are a member of a protected class, (2) they are "otherwise qualified" and can perform "the essential functions of the job"; (3) they were terminated or not selected for a position; and (4) "the employer thereafter sought similarly qualified individuals for that job." Smith v. Millville Rescue Squad, 225 N.J. 373, 395 (2016) (quoting Victor v. State, 203 N.J. 383, 409 (2010)).

To prove a prima facie case of retaliation under the LAD, a plaintiff must demonstrate "(1) plaintiff was in a protected class; (2) plaintiff engaged in protected activity known to the employer; (3) plaintiff was thereafter subjected to an adverse employment consequence; and (4) there is a causal link between

9

the protected activity and the adverse employment consequence." Victor, 203 N.J. at 409 (quoting Woods-Pirozzi v. Nabisco Foods, 290 N.J. Super. 252, 274 (App. Div. 1996)).

"The evidentiary burden at the prima facie stage is 'rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent—i.e., that discrimination could be a reason for the employer's action.'" Zive, 182 N.J. at 447 (emphasis in original) (citing Marzano, 91 F.3d at 508). When a plaintiff has proven such, "a presumption arises that the employer unlawfully discriminated." Grande v. St. Clare's Health Sys., 230 N.J. 1, 18 (2017) (quoting Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 596 (1988)).

After the plaintiff has established a prima facie case of discrimination, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Henry, 204 N.J. at 331 (citing Zive, 182 N.J. at 449). To rebut the presumption, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection," Greenberg v. Camden Cnty. Vocational & Tech. Schs., 310 N.J. Super. 189, 199 (App. Div. 1998), in such a way that would "be legally sufficient to justify a judgment for the defendant." Slohoda v. UPS

207 N.J. Super. 145, 154 (App. Div. 1986) (quoting <u>Tex. Dep't of Cmty. Affs.</u> <u>v. Burdine</u>, 450 U.S. 248, 255 (1981)). "It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." <u>Reynolds v. Palnut Co.</u>, 330 N.J. Super. 162, 167 (App. Div. 2000) (quoting <u>Burdine</u>, 450 U.S. at 254).

When an employer has put forth such evidence, "the presumption of unlawful discrimination disappears," <u>Meade</u>, 249 N.J. at 329 (citing <u>Bergen</u> <u>Com. Bank v. Sisler</u>, 157 N.J. 188, 211 (1999)), and "the burden shifts back to the [employee] to show the employer's proffered reason was merely a pretext for discrimination." <u>DeWees v. RCN Corp.</u>, 380 N.J. Super. 511, 527 (App. Div. 2005) (quoting <u>Viscik</u>, 173 N.J. at 14).

"To prove pretext . . . , a plaintiff must do more than simply show that the employer's reason was false; he or she must also demonstrate that the employer was motivated by discriminatory intent." <u>Viscik</u>, 173 N.J. at 14. Direct evidence is not necessary, but the "plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' . . . and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" <u>Crisitello</u>

v. St. Theresa Sch., 465 N.J. Super. 223, 239-40 (App. Div. 2020) (quoting DeWees, 380 N.J. Super. at 528). Plaintiff may "(i) discredit[] proffered reasons [of the defendant], either circumstantially or directly, or (ii) adduc[e] evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Id. at 239 (alterations in original) (quoting DeWees, 280 N.J. Super. at 528). "The burden of proof . . . remains with the employee at all times," but she need only show that the employment practice was discriminatory by a preponderance of the evidence. Zive, 182 N.J. at 449-50.

Although the trial judge did not explicitly state it, we can presume he found plaintiff established a prima facie case of discrimination. We will as well. The burden then shifted to defendants to present a nondiscriminatory reason for not selecting plaintiff for the two jobs. Defendants did so. The candidate chosen to provisionally fill the position in 2015 had a bachelor's degree and twelve years of experience working in a state psychiatric hospital. In addition, the candidate had worked as a rehabilitation counselor for three years in the other facility. Plaintiff never held the position of rehabilitation counselor. Simply put, the chosen candidate was more qualified for the position than plaintiff. Moreover, although plaintiff was on the eligible list for the position, the list expired on

12

June 20. Defendants were not permitted to begin searching for candidates until after the incumbent employee retired on July 1.

The 2016 hiring occurred under different circumstances. Plaintiff was not on the CSC list of eligible candidates. The candidate holding the position provisionally was on the list. Therefore, defendants followed the protocols established by the CSC in filling the position.

We are satisfied defendants provided legitimate nondiscriminatory reasons for not appointing plaintiff to the two positions. And plaintiff could not demonstrate the reasons were pretextual. She only offered speculation that defendants acted with a discriminatory motive.

Plaintiff also raises an issue regarding her education in arguing defendants violated the LAD by not promoting her in 2015 and 2016. She alleges defendants informed her by letter that she had to provide a foreign degree evaluation for her credits received from the India institution. Plaintiff did not produce the letter. Defendants denied sending a letter. Moreover, the postings were generated by the CSC and the education requirement was promulgated by the CSC. Moreover, defendants presented more than a lack of education in explaining why another candidate was selected for both positions.

A-1366-20

In addition to having a bachelor's degree, which plaintiff lacked, the successful candidate in 2015 was more experienced for the position and in 2016, the candidate was on the eligible list. Plaintiff was not. Furthermore, mere denial of a promotion that results in a dispute of qualifications is not sufficient to show pretext. Bennum v. Rutgers St. U., 941 F.2d 154, 170-71 (3d Cir. 1991).

We also reject plaintiff's argument that we should consider the time-barred allegations of employment discrimination because they could support a pattern of discrimination and retaliation. Each of the employment actions listed by plaintiff was a discrete and separate occurrence. Therefore, plaintiff had to institute suit within two years of each allegation. Moreover, as stated above, defendants provided legitimate reasons for not appointing plaintiff to the 2015 and 2016 positions.

Plaintiff has not demonstrated the employment actions fall within the continuing violations doctrine, which permits a series of acts, not actionable as discrete acts, to be viewed cumulatively as constituting a hostile work environment. See Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 21 (2002). Each employment action here was a separate act.

Because we are satisfied defendants did not violate the LAD in failing to promote plaintiff in 2015 and 2016, plaintiff cannot demonstrate any of the

14

individual defendants aided and abetted the alleged acts of discrimination. Moreover, none of the individual defendants was plaintiff's supervisor and all certified they were not involved in the selection process for the positions to which plaintiff applied.

On appeal, plaintiff does not address her allegations of retaliation with any specificity other than a conclusory statement that defendants retaliated against her because she filed a complaint with the EEOC in 2010.

To establish a prima facie claim of retaliation under the LAD, plaintiff must show: (1) that she engaged in a protected activity known to defendant; (2) that she was subjected to an adverse employment action; and (3) the existence of a causal link between the two. Woods-Pirozzi, 290 N.J. Super. at 274. Plaintiff presented no evidence to support the third prong. Therefore, we must agree with the trial court that plaintiff failed to satisfy her burden to withstand summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1366-20